**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                                      No. 01-4780

KEITH DEMOND INGRAM,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-00-783)

Submitted: August 15, 2002

Decided: August 30, 2002

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Russell D. Ghent, LEATHERWOOD, WALKER, TODD & MANN,
P.C., Greenville, South Carolina, for Appellant. J. Preston Strom, Jr.,
United States Attorney, Marshall Prince, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Keith Demond Ingram appeals his convictions for armed robbery in violation of 18 U.S.C. § 1951(a) (2000); using, carrying, brandishing, and possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) (2000); and unlawful possession of a firearm in violation of 18 U.S.C. § 922(g) (2000). Ingram was sentenced as an armed career criminal. He received a 240 month sentence for armed robbery, an 84 month sentence for possession of a firearm during a crime of violence, and an 18 month sentence for unlawful possession of a firearm. The sentences were imposed consecutively and totaled a 342 month term of imprisonment.

Prior to trial, Ingram filed a suppression motion, claiming the police officer who stopped the car in which he was an occupant had no reasonable suspicion or probable cause to stop the vehicle. The district court denied the motion. After careful review of the record, we agree with the district court's decision. Under the facts of this case, the officer possessed reasonable suspicion to stop the vehicle that quickly developed into probable cause. *See United States v. Hensley*, 469 U.S. 221, 229 (1985); *United States v. Moore*, 817 F.2d 1105, 1107 (4th Cir. 1987).

Ingram also claims the prosecutor's comment during trial concerning his post-arrest silence warranted a mistrial. We find that the court's curative instruction provided a sufficient remedy for the prosecutor's isolated remark. *See Williams v. Zahradnick*, 632 F.2d 353, 361-62 (4th Cir. 1980).

Ingram also claims the district court should have considered South Carolina's constitutional provisions in ruling on his suppression motion, attacks the sufficiency of the evidence used to prove he possessed a firearm, and argues he should have been subject to state pros-

ecution only. We reject these claims as meritless. We grant Ingram's motion to file a supplemental pro se brief but reject the arguments raised therein.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*